IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CINDY MADRID,

    Plaintiff,

v.                                                                                          1:15-cv-00874-MV-LF

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on plaintiff Cindy Madrid's objections to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PF&RD"), which were filed on January 3, 2017. Doc. 35. The Commissioner filed a response to the objections on January 17, 2017. Doc. 37. This matter was referred to Magistrate Judge Laura Fashing to recommend a disposition pursuant to 28 U.S.C. § 636(b). Doc. 21. Judge Fashing issued her PF&RD on December 20, 2016, recommending that the Court deny the motion to reverse or remand. Doc. 34. In her objections, Ms. Madrid argues that the magistrate judge erred in finding that the Administrative Law Judge ("ALJ") properly considered the combination of her impairments, including her obesity, and in finding that the ALJ's credibility determination was supported by substantial evidence. Doc. 35. Following a de novo review of these issues, I overrule Ms. Madrid's objections and adopt the magistrate judge's PF&RD.

**I.    The ALJ properly considered the combination of Ms. Madrid's impairments, including her obesity.**

In her objections, Ms. Madrid reiterates verbatim many of the same arguments made in her motion to reverse and remand. Ms. Madrid renews her arguments that the ALJ failed to adequately consider the effects of her obesity, failed to adequately consider her obesity in combination with her other impairments, and failed to adequately address her fatigue and daytime sleepiness. Doc. 35 at 1–3. I disagree. Like the magistrate judge, I find that the ALJ adequately considered the effects of Ms. Madrid's obesity, her obesity in combination with her other impairments, and her exertional limitations. As the magistrate judge stated, "the ALJ explicitly stated that he considered SSR 02-1p and considered the effects of Ms. Madrid's obesity in formulating her RFC." Doc. 34 at 8. In addition, the ALJ's opinion shows that he considered Ms. Madrid's obesity in combination with her other impairments:

> In this case, obesity is a severe impairment in combination with the claimant's musculoskeletal symptoms as it may have further impaired the claimant's ability to perform work-related activity. In the instant matter, claimant's obesity does not indicate any limits when standing alone. However, *when taken in combination with the other impairments*, it counsels in favor of the postural and exertional limitations indicated herein.

AR 20[1] (emphasis added). Finally, as the magistrate judge concluded, the ALJ adequately addressed Ms. Madrid's exertional limitations by limiting her to light work, despite the fact that the state agency medical consultants found her capable of doing medium work, and by including postural limitations in her residual functional capacity. Doc. 34 at 8–9 (citing AR 19, 21).

I also agree with the magistrate judge that the ALJ adequately considered Ms. Madrid's symptoms of fatigue and daytime sleepiness. As the magistrate judge pointed out, fatigue and

---

[1] AR refers to the sealed administrative record, which was filed as Documents 16-1 through 16-23. When referring to the record, the Court uses the AR number, found on the lower right-hand corner of each page.

sleepiness are not medically determinable impairments in Ms. Madrid's case, but are instead symptoms. Doc. 34 at 9. The ALJ properly analyzed the limiting effects of Ms. Madrid's fatigue and daytime sleepiness, and adequately considered her reported symptoms and limitations, but found that the medical evidence from the relevant time period did not substantiate her claimed limitations. *See* 20 C.F.R. § 404.1529(b)–(c)(1); SSR 16-3p, 2016 WL 119029, at *2 (Mar. 16, 2016) ("In considering the intensity, persistence, and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.") As the magistrate judge pointed out,

> The ALJ's decision makes clear that he considered Ms. Madrid's testimony about her symptoms, including her fatigue and daytime sleepiness. The ALJ discussed Ms. Madrid's hearing testimony and statements submitted as part of her Social Security disability application—in which she complained of sleep apnea, a sleep disorder, pain, difficulty sleeping, and lack of motivation. AR 20. The ALJ considered her reported symptoms and limitations, but found that her "claims of such limited daily activities . . . [were] generally unsubstantiated by the medical evidence of record." AR 20. The ALJ reviewed the medical evidence from the relevant time period—which consisted of some treatment for back, hip, and foot pain, and some physical therapy for back pain. AR 20. The ALJ reasonably concluded that the medical evidence did not substantiate her claimed limitations, including limitations resulting from fatigue and sleepiness, and did not preclude her from all work as she alleged. *See* AR 20.

Doc. 34 at 9–10. The ALJ was not required to do more.

Ms. Madrid specifically objects to the magistrate judge's finding that the evidence she cites for her arguments falls outside of the relevant time period—contending that the evidence after the relevant period "represents later diagnoses of conditions she was suffering from during the years prior." Doc. 35 at 3. Ms. Madrid's conclusory argument is unavailing. "The claimant

3

bears the burden of establishing a prima facie case of disability at steps one through four." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). The relevant time period for determining disability status is from the onset date through the date the claimant is last insured for disability benefits. *See Hendron v. Colvin*, 767 F.3d 951, 953 (10th Cir. 2014); *Bigpond v. Astrue*, 280 F. App'x 716, 717 (10th Cir. 2008) (unpublished); *Hill v. Astrue*, 289 F. App'x 289, 291 (10th Cir. 2008) (unpublished). Thus, as part of her burden of proof, Ms. Madrid was required to show that she became disabled before the date she was last insured, September 30, 2010.[2] The ALJ found that Ms. Madrid failed to meet this burden. Because the ALJ supported his findings with substantial evidence and applied the correct legal standards, the Commissioner's decision stands, and Ms. Madrid is not entitled to relief. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).

## II.     The ALJ's credibility determination is supported by substantial evidence.

Ms. Madrid objects to the magistrate judge's finding that the ALJ's credibility determination is supported by substantial evidence. Ms. Madrid once again reiterates many of the same arguments made in her motion to reverse and remand. Ms. Madrid argues that the ALJ mischaracterized the extent of her daily activities. Doc. 35 at 4. The magistrate judge found that the ALJ did not mischaracterize the evidence, and that "any omissions are technical rather than the type of mischaracterization that the Tenth Circuit has held required remand." Doc. 34 at 14. I agree with the magistrate judge's analysis and conclusions on this issue, and adopt them. *See* Doc. 34 at 15–16. Like the magistrate judge, I find that the "ALJ linked his findings about Ms.

---

[2] The relevant time period in this case runs from the day after Ms. Madrid's previous claim was denied through the date she was last insured: October 6, 2009 through September 30, 2010. AR 14–15.

Madrid's symptoms to substantial evidence, using the factors outlined in 20 C.F.R. § 404.1529(c)(3), SSR 96-7p, and SSR 16-3p." Doc. 34 at 13.

Ms. Madrid's argues that "[t]hough Judge Fashing contends that most of Madrid's limitations were not in effect until after the expiration of her insured period, there is nothing in the record to suggest that these limitations were not in effect during that time or that her limitations during the time under consideration for her Title II claim were not equally limiting." Doc. 35 at 5. Ms. Madrid, however, has the burden of proof to show that she was disabled before the date she was last insured. *Grogan*, 399 F.3d at 1261. Neither the ALJ nor the Commissioner has the burden to show that the limitations were *not* in effect during the relevant time period.

Ms. Madrid also argues that the magistrate judge erred in finding that the ALJ properly used Ms. Madrid's "limited" treatment as a basis for finding her allegations of disability not credible. Doc. 35 at 6. However, the amount of treatment, other than medication, a claimant has received for relief of his or her pain or symptoms is a valid factor for the ALJ to consider when assessing the severity of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3)(v). Ms. Madrid is correct in pointing out that

> the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment.

SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996). The ALJ, however, expressly addressed the reasons Ms. Madrid might not have sought more medical treatment, stating that while Ms. Madrid "testified she cannot afford other medications, she has some form of insurance and sees a

5

primary care doctor. There is no evidence that [Ms. Madrid] has sought any subsidized care." AR 22.

Ms. Madrid also argues that there is no evidence that she "failed to follow a course of treatment for her conditions, or that additional, more intensive, or aggressive treatments or surgery were recommended or available to treat her conditions." Doc. 35 at 6. Failure to follow prescribed treatment, however, is only one of the reasons an ALJ may find a claimant less credible. "[T]he individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, **or** if the medical reports or records show that the individual is not following the treatment as prescribed . . . ." SSR 96-7p, 1996 WL 374186, at *7 (emphasis added). Thus, it is sufficient for the ALJ to find that the frequency of Ms. Madrid's treatment was inconsistent with the level of her complaints, as he did in this case. The ALJ noted that Ms. Madrid alleged that she suffered from "sleep apnea, obesity, esophagus damage, respiratory problems, pancreatitis, high blood pressure, a sleep disorder, a thyroid condition, and depression." AR 20. The ALJ also noted that Ms. Madrid alleged that she was in constant pain. AR 20, 171–77. Despite her allegations of disabling medical conditions and her complaints of constant pain, the ALJ noted that, during the relevant time period, Ms. Madrid only had a few medical office visits for back, hip, and foot pain. AR 20 (citing Exhibit 5F/17–20). The ALJ did not err in finding Ms. Madrid less credible because the level of her care was inconsistent with the level of her complaints. *See Carver v. Colvin*, 2014 WL 1096375, at *11 (N.D. Okla. Mar. 19, 2014) (unpublished) (finding ALJ did not err in finding a claimant less credible because his failure to seek treatment was inconsistent with his complaints of pain), aff'd, 600 F. App'x 616 (10th Cir. 2015).

**IT IS THEREFORE ORDERED** that the proposed findings and recommended disposition of the magistrate judge are adopted, and the objections are overruled.

**IT IS FURTHER ORDERED** that Ms. Madrid's Motion to Reverse and Remand (Doc. 25) is DENIED.

_____
UNITED STATES DISTRICT JUDGE